**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION at PIKEVILLE**

**[Filed Electronically]**

| | |
|---|---|
| SHERRY FRONTO, Executrix<br>of the Estate of FRANKIE BRANHAM,<br>Deceased, and Guardian of Corey<br>Douglas Branham, minor child of<br>the Deceased, | )<br>)<br>)<br>)<br>)<br>) |
|       **PLAINTIFF** | )<br>) |
| **v.** | )<br>) |
| **PIKE COUNTY, KENTUCKY**<br>    SERVE: William M. Deskins<br>         County Judge Executive<br>         Pike County Courthouse<br>         146 Main Street<br>         Pikeville, KY  41501 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **-AND-** | )<br>) **CIVIL ACTION NO. _____** |
| **RODNEY A. SCOTT, Individually and**<br>**in his official capacity as the**<br>**Pike County Jailer**<br>**103 Hall of Justice**<br>**172 Division St.**<br>**Pikeville, KY  41501** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **-AND-** | )<br>) |
| **DEXTER COLEMAN, Individually and**<br>**in his official capacity as an officer and**<br>**employee of the Pike County**<br>**Detention Center**<br>**103 Hall of Justice**<br>**172 Division St.**<br>**Pikeville, KY  41501** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **-AND-** | )<br>) |

DANIEL ESTEP, Individually and )
in his official capacity as an officer and )
employee of the Pike County )
Detention Center )
103 Hall of Justice )
172 Division St. )
Pikeville, KY  41501 )
)
-AND- )
)
JOSEPH HALL, Individually and )
in his official capacity as an officer and )
employee of the Pike County )
Detention Center )
103 Hall of Justice )
172 Division St. )
Pikeville, KY  41501 )
)
-AND- )
)
JAMES JUSTICE, Individually and )
in his official capacity as an officer and )
employee of the Pike County )
Detention Center )
103 Hall of Justice )
172 Division St. )
Pikeville, KY  41501 )
)
-AND- )
)
JOHNNY SLUSHER, Individually and )
in his official capacity as an officer and )
employee of the Pike County )
Detention Center )
103 Hall of Justice )
172 Division St. )
Pikeville, KY  41501 )
)
-AND- )
)
JOHN and JANE DOES, Nos. 1, 2 and 3, )
Individually and in their official capacity )
as officers and employees of the Pike )
County Detention Center, )
)
          **DEFENDANTS.** )

2

## COMPLAINT

### I. Introduction

1.      Sherry Fronto, Executrix of the Estate of Frankie Branham, deceased, and the guardian of Mr. Branham's minor child, Corey Douglas Branham, files this Complaint complaining of the egregious and unjustifiable treatment of Mr. Branham by Defendants named in the caption above.  As more specifically set forth below, Mr. Branham, after his incarceration at the Pike County Detention Center ("the Jail"), was subjected to Defendants' deliberate indifference to his medical needs and, as a consequence, died at the Jail.  It is the purpose of this action to recover the actual damages Mr. Branham, his estate and his minor child sustained as a result of Defendants' conduct, and punitive damages to punish Defendants' conduct and forever deter its repetition.

### II.  Jurisdiction and Venue

2.      Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed Mr. Branham by the Eighth, Tenth and Fourteenth Amendments to the Constitution of the United States.  Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 38 U.S.C. §§ 1331 and 1343.  Plaintiff also seeks damages for negligence, gross negligence, outrageous conduct, intentional infliction of emotional distress, and assault and battery.  Pike County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

### III.  Parties

3.      Plaintiff and the minor she serves as guardian are residents of Pike County, Kentucky;  Mr. Branham was also a resident of Pike County, Kentucky at the time of his death.

4.      Defendant Pike County, at all times mentioned herein, employed, was responsible for the establishment of policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of the Jail.

5.      Defendant Rodney A. Scott was at all times mentioned herein acting individually and/or in his official capacity as Jailer of Pike County, and as such established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of the Jail.

6.      Defendants Dexter Coleman, Daniel Estep, Joseph Hall, James Justice and Johnny Slusher were at all times mentioned herein acting individually and/or in their official capacity as officers and employees of the Jail, and as such not only established policies either formally or by custom for, and were responsible for the employment, training, supervision and conduct of both themselves and other officers and employees of the Jail, but also participated in the mistreatment of Mr. Branham described below individually and/or in their official capacity.

7.      Defendants John and Jane Does Nos. 1, 2 and 3, identities presently unknown, were at all times mentioned herein officers and employees of the Jail, and participated in the mistreatment of Mr. Branham described below individually and/or in their official capacities.

## V.  Nature of Defendants' Conduct

8.      Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky and Pike County.   The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below individually and in their official capacities with the Jail.   The offenses described below resulted from the failure of the state and county agencies and the supervisory officials named above to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of Plaintiff's decedent. Defendants' conduct was intentional and grossly negligent, indicated active malice toward Mr. Branham and a total, deliberate and reckless disregard for and indifference to his life and his constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages his estate and minor child are entitled to recover.

## V.  Facts

9.      Mr. Branham was incarcerated in the Pike County Detention Center on or about August 14, 2007.  Defendants were aware that Mr. Branham, who was 47 at the time, had a history of coronary disease.

10.      On or about October 24, 2007, Mr. Branham began complaining to Defendants of chest pain and shortness of breath.  Instead of subsiding, Mr. Branham's chest pain and shortness of breath increased in severity.  Mr. Branham continued to complain of his distress to Defendants, and requested medical attention, but his complaints

5

and requests were ignored. There is no record that Mr. Branham was ever examined at the Jail by a medical professional after he began complaining of chest pain and shortness of breath.

11.     On or about October 26, 2007, Mr. Branham's sister, Wanda Hall, contacted the Jail and demanded that her brother receive medical attention. That same day, Mr. Branham was finally taken to the Pikeville Medical Center where he was diagnosed as having suffered a heart attack. He died the next day.

## VI.  Causes of Action

### A.     Count I

12.     Paragraphs 1-11 above are incorporated herein by reference and made this Paragraph 12.

13.     Defendants' conduct was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to Mr. Branham's life as well as his rights and the risk of harm to him occasioned by such conduct.

14.     Plaintiff believes and, after reasonable discovery, will show that Mr. Branham's treatment by Defendants was not unusual, but was part of a continuing pattern of Defendants of willfully and deliberately ignoring the medical needs of inmates of the Jail. Such conduct is the result of customs and practices of the Commonwealth of Kentucky and Pike County, either written or unwritten, that are systematically applied to all persons who, through no fault of their own, exhibit medical conditions or problems while incarcerated at the Jail. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the lives

and constitutional and common law rights of inmates at the Jail, including Mr. Branham, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

15.   As a result of the foregoing, Mr. Branham, through Defendants' deliberate indifference and grossly negligent -- if not reckless, intentional and/or malicious -- conduct, was subjected to cruel and unusual punishment and ultimately deprived of his life without due process of law in violation of the Eighth, Tenth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

### B.   Count II

16.   Paragraphs 1-15 above are incorporated herein by reference and made this Paragraph 16.

17.   By virtue of the foregoing, Defendants were negligent and grossly negligent.

### C.   Count III

18.   Paragraphs 1-17 above are incorporated herein by reference and made this Paragraph 18.

19.   Defendants' treatment of Mr. Branham was so beyond the bounds of human decency that it exemplifies the tort of outrage.

### D.   Count IV

20.   Paragraphs 1-19 above are incorporated herein by reference and made this Paragraph 20.

21.   Defendants' treatment of Mr. Branham constituted the intentional infliction of emotional distress.

### VII.  Damages

22.     Paragraphs 1-21 above are incorporated herein by reference and made this Paragraph 22.

23.     Mr. Branham's death was unnecessary and preventable, and his estate is therefore entitled to recover for the wanton and unnecessary pain and suffering he endured, as well as the income and earnings he would have enjoyed had he lived.  In addition, Mr. Branham's minor child is entitled to recover for the loss of his father, his companionship, comfort, and support.  Finally, Defendants' violations of Mr. Branham's constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for her life and those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

**WHEREFORE**, Plaintiff requests a trial by jury, and further requests that she be awarded actual and punitive damages, pre- and post-judgment interest, costs, attorneys' fees and all other relief to which she is entitled under law or in equity.

Respectfully submitted,

/s/ Gregory A. Belzley
Gregory A. Belzley
DINSMORE & SHOHL LLP
1400 PNC Plaza
500 West Jefferson Street
Louisville, KY  40202
(502) 540-2300 (Telephone)
(502) 585-2207 (Facsimile)
gregory.belzley@dinslaw.com

Suleiman Oko-ogua
HOGAN & ROBINSON PLLC
314 East Madison Street
Louisa, KY 41230
(606) 638-9900 (Telephone)

(606) 638-9905 (Facsimile)
suleiman@hoganrobinson.com

***Counsel for Plaintiff***

136086_1